UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | BANKRUPTCY NO: 19-70269-JAD |
| BLACKLICK HOTSPOT CORP., | CHAPTER 11 |
| DEBTOR. | |
| _____ | |
| UNITED STATES TRUSTEE, | |
| MOVANT, | |
| v. | HEARING DATE AND TIME:<br>April 15, 2020 at 11:00 a.m. |
| BLACKLICK HOTSPOT CORP., | |
| RESPONDENT. | RESPONSE DEADLINE:<br>April 1, 2020 |

## MOTION TO CONVERT CASE PURSUANT TO 11 U.S.C. § 1112(b)

COMES NOW the United States Trustee, Andrew R. Vara, by and through his undersigned counsel, and moves the Court to convert this case to chapter 7. In support of this motion the following is averred:

### JURISDICTION AND VENUE

1. This Court has jurisdiction of this case pursuant to 28 U.S.C. §§ 1334, 151 and 157.

2. Venue in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The United States Trustee has standing to appear and be heard on this issue pursuant to 11 U.S.C. § 307 and 28 U.S.C. § 586.

### STATEMENT OF FACTS

4. Blacklick Hotspot Corp. ("Debtor") filed a voluntary petition under chapter 11 of the United States Bankruptcy Code on May 3, 2019.

5. The United States Trustee has not appointed a creditors' committee for this case.

6. The Debtor has not filed the Monthly Operating Reports for November and December 2019 and January 2020 as of the date of this filing.

7. The Debtor has not reported any gross revenues since the case was filed, nor has the Debtor initiated an adversary proceeding against any party.

## LEGAL ARGUMENT

8. Under 11 U.S.C. § 1112(b)(1) "the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate for cause, unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate."

9. The Bankruptcy Code's list of examples of "cause" supporting dismissal or conversion of a chapter 11 case is not meant to be exhaustive; "Congress intended the bankruptcy courts to consider additional factors 'as they arise, and to use [their] equitable powers to reach an appropriate result in individual cases.'" *In re Milford Connecticut Associates*, *L.P.*, 404 B.R. 699, 707 (D. Conn. 2009) (quoting *In re C-TC 9th Avenue P'ship*, 113 F.3d 1304, 1311 & n.5 (2nd Cir. 1997) (quoting House Report No. 95–595, 95th Cong., 1st Sess. at 405–06, U.S. Code Cong. & Admin. News 1978, pp. 5963, 6362).

10. "One ground for cause is sufficient standing alone." *In re Regan*, 403 B.R. 614, 621 (B.A.P. 8th Cir. 2009) (internal citations omitted).

### *Failure to File Monthly Operating Reports*

11. Under 11 U.S.C. § 1112(b)(4)(F), cause exists where there is an "unexcused failure to satisfy timely any filing or reporting requirement established by this title or by any rule applicable to a case under this chapter."

12. The statutory duties of a debtor in possession include the requirement to file monthly reports that provide information regarding income and expenditures and compliance with the requirement to make timely payments of post-petition obligations. *See* 11 U.S.C. §§ 704(a)(8), 1106(a)(1), and 1107. *See also In re Wilkins Investment Group, Inc.,* 171 B.R. 194, 196 (Bankr. M.D. Pa. 1994) ("The failure to file operating reports constitutes cause for dismissal.") (citing *In Re Chesmid Park Corp.*, 45 B.R. 153, 159 (Bankr. E.D. Pa. 1984) (failure to file monthly financial reports was cause under § 1112(b) to "allow the court in its discretion to dismiss or convert" the case).

13. Additionally, under W.PA.LBR 2015-1(d)(2), the Debtor is directed to "file with the Clerk monthly statements of operations for the preceding month ('Monthly Operating Report') no later than the twentieth day of the next month."

14. However, the Debtor has not filed or transmitted the Monthly Operating Reports in this case for three months notwithstanding the requirements of the Bankruptcy Code and local rules. Specifically, the delinquent reports are for the months of November and December 2019 and January 2020.

15. Without these Monthly Operating Reports, the United States Trustee is without sufficient information to monitor cash receipts and disbursements, payment of post-petition taxes and other administrative obligations, and to monitor and supervise the administration of the Debtor as required by 28 U.S.C. § 586(a)(3).

16. The failure to file Monthly Operating Reports also precludes the United States Trustee and parties in interest from determining the status of the Debtor's compliance with the provisions of W.PA.LBR 2015-1(c)(3) to "[k]eep current, and pay when due, all debts arising after the entry of the order for relief."

17.	Without the Monthly Operating Reports, parties in interest cannot obtain a complete picture of the Debtor's financial health.

18.	Thus, the Debtor's failure to file Monthly Operating Reports for three months constitutes cause for conversion of this case.

### *Failure to Rehabilitate*

19.	In order for a chapter 11 debtor to demonstrate an ability to reorganize "there must be a reasonable possibility of a successful reorganization within a reasonable time." *United Sav. Ass'n of Texas v. Timbers of Inwood Forest Assocs.,* 484 U.S. 365, 376 (1988); *see also First Jersey Nat'l Bank v. Brown (In re Brown),* 951 F.2d 564, 572 (3d Cir. 1991) (same).

20.	"The Court shall confirm a plan only if . . . the plan has been proposed in good faith." 11 U.S.C. § 1129(a)(3). "This good faith standard ensures that a plan will 'fairly achieve a result consistent with the objectives and purposes of the Bankruptcy Code.'" *In re Federal-Mogul Global, Inc., et al.,* 684 F.3d 355, 381(3d Cir. 2012) (citing *in re PWS Holding Corp.,*228 F.3d 224, 242 (3d Cir. 2000).

21.	"Where a plan is proposed with the legitimate and honest purpose to reorganize and has a reasonable hope of success, the good faith requirement of § 1129(a)(3) is satisfied." *In re Matter of Village at Camp Bowie I, L.P.,* 710 F.3d 239, 247 (5th Cir. 2013).

22.	However, when a Debtor cannot demonstrate the ability to file a confirmable plan in good faith, the Court may find that cause exists to convert the case to chapter 7 under 11 U.S.C. § 1112(b). "The Third Circuit has determined that cause exists when there is not 'a reasonable possibility of a successful reorganization within a reasonable period of time.' If the debtor has no viable prospect of confirming a plan, then there is 'no point in expending estate assets on administrative expenses, or delaying creditors in the exercise of their nonbankruptcy legal rights.

As the Third Circuit noted, a bankruptcy court is 'not bound to clog its docket with visionary or impracticable schemes for resuscitation.'" *In re Commonwealth Renewable Energy, Inc.,* 550 B.R. 279, 283 (Bankr. W.D. Pa. 2016) (*citing In re American Capital Equip. LLC,* 688 F.3d, 145, 162 (3d Cir. 2012); *see also In re Brown* 951 F.2d 564, 572 (3d Cir. 1991).

23. With the real property assets reported on Schedule A/B at $180,000 (and zero personal property) and secured debt on Schedule D at $181,000 and unsecured debt on Schedule E/F at $24,800, and only **$275 gross income** (with a net income of negative $50) reported after many months in chapter 11, there does not appear to be an ability to rehabilitate this estate in order to file a confirmable plan.

24. Specifically, the Debtor reported zero income in May, June, July, September, and October 2019. In August 2019, the Debtor reported $275 receipts and $325 disbursements. The Debtor has yet to file the reports for November, December, or January. In the bank statement attached to the October 2019 report, it shows the Debtor has only $50 in the bank.

25. Moreover, the Debtor indicated on its schedules, and reaffirmed during the creditors' meeting, that it possessed a claim against Empire Petroleum and a claim against Champion Homes and Rental LLC. The Debtor represented that these claims would provide the funding for a chapter 11 plan. However, after nearly a year in bankruptcy, the Debtor has not initiated an adversary proceeding against any party.

26. Based on the Debtor's lack of income, and failure to prosecute a claim against any party, there does not appear to be an ability to rehabilitate this estate in order to file a confirmable plan, and the case should be converted to a chapter 7 liquidation.

27. The United States Trustee recommends conversion over dismissal because some of the debts listed by the Debtor are questionable and there may be equity in the property.

RELIEF REQUESTED

28. Based on the reasons discussed above, cause exists under 11 U.S.C. § 1112(b) for the Court to convert this case to chapter 7.

29. There does not appear to be any "unusual circumstances" under § 1112(b)(2) that would result in a finding that conversion of this case is not in the best interest of the creditors of the estate. Moreover, because the United States Trustee has established a *prima facie* case that cause exists to convert this case, the burden shifts to the Debtor to demonstrate that it satisfies the "unusual circumstances" criteria enumerated in § 1112(b)(2) to avoid the mandatory conversion of this case. *See In re Park,* 426 B.R. 811, 815 (Bankr. W.D. Va. 2010) (internal citations omitted) ("The moving party bears the initial burden of establishing a *prima facie* case that cause exists to dismiss or convert. Once a *prima facie* case establishing cause is made, then the burden shifts to the objecting party to either: (a) demonstrate that unusual circumstances exist that would that make dismissal or conversion unfavorable to the creditors or estate; or (b) establish that a plan will be confirmed and that the act or omission that forms the basis for the aforementioned cause to dismiss or convert will be cured within a reasonable period of time."); I*n re Kholyavka*, No. 08-10653DWS, 2008 WL 3887653 at *5 (Bankr. E.D. Pa. Aug. 20, 2008) ("Having found that the UST has proven her case, the burden shifts to Debtor to establish unusual circumstances that would warrant continuation of the chapter 11 proceedings as in the best interests of creditors and the estate.").

WHEREFORE, the United States Trustee respectfully requests the entry of an order converting this case to chapter 7 and granting any and all further relief as may be equitable and just.

                                        Respectfully Submitted,

                                        ANDREW R. VARA
                                        UNITED STATES TRUSTEE
                                        Regions 3 and 9

Dated: March 12, 2020                    By: /s/ Larry Wahlquist
                                        Larry Wahlquist, Trial Attorney
                                        DC ID 492864
                                        Liberty Center, Suite 970
                                        1001 Liberty Ave.
                                        Pittsburgh, Pennsylvania 15222
                                        (412) 644-4756 Telephone
                                        (412) 644-4785 Facsimile
                                        Larry.E.Wahlquist@usdoj.gov